ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/30/21
```

DALE MERILL, ADMINISTRATOR OF
THE MASHANTUCKET PEQUOT TRIBAL
NATIONAL HEALTH PLAN,

                         Plaintiff,

- against -

JIN DENG M.D. and JIN DENG MD
REHABILITATION, P.C.,

                        Defendants.

Civil Acton No.: 1:20-cv-10689-LLS

## SCHEDULING ORDER

Pursuant to this Court's April 1, 2021 Order for Conference Pursuant to Rule 16(b) [Doc. No. 15], Plaintiff, Dale Miller, Administrator of the Mashantucket Pequot Tribal National Health Plan (the "**Plaintiff**"), and Defendants, Jin Deng M.D. and Jin Deng MD Rehabilitation, P.C. (the "**Defendants**" and collectively with the Plaintiff, the "**Parties**"), hereby submit the following Scheduling Order:

1. The Rule 16(b) Conference was held on April 30, 2021. Appearing for the Plaintiff was Kenneth M. Lewis and David L. Amos from Whiteford, Taylor, & Preston, L.L.P. Appearing for the Defendants was Wei Ji of Alliance Law PLLC.

2. Plaintiff asserts that she has two issues that are currently pending: first, pursuant to her Complaint, Plaintiff, in her capacity as a plan fiduciary of the Mashantucket Pequot Tribal Nation Health Plan (the "Plan"), has asserted six claims for relief seeking, *inter alia*, damages against the Defendants in the amount of no less than $247,284.55, together with pre-judgment interest, plus reasonable attorneys' fees and costs, as well as an equitable lien or constructive trust,

1

punitive damages, and a judgment restraining and enjoining the Defendants from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, related to $247,284.55 in excess reimbursements, or overpayments made to Defendants, during the period 2016 through 2018, in connections with services provided to Plan participants. Second, Plaintiff has filed a motion to dismiss the Counterclaims asserted by the Defendants.

Defendants assert that they have the following issues pending. In addition to defending Plaintiff's claims that Defendants were not overpaid, as detailed in the affirmative defenses alleged in the answer, Defendants discovered that Plaintiff had unreasonably and arbitrarily denied Defendants' lawful claims for payments of services performed on the beneficiaries or participants of the Plan, totaling $595,943.98. Defendants allege two Counterclaims seeking $595,943.98 from the Plaintiff to pay for unpaid medical services provided to the beneficiaries or participants of the Plan as an out-of-network medical service provider to the Plan.

3. The Parties propose the following schedule:

   a. Plaintiff intends to depose Defendant Jin Deng M.D. in his personal capacity; a corporate designee representative of Jin Deng MD Rehabilitation, P.C.; and any experts designated by Defendants by February 4, 2022. Defendants intend to depose a corporate representative from Plaintiff by February 4, 2022.

   b. The Parties intend to complete all document production no later than January 14, 2022.

   c. The Parties will exchange their expert reports, in compliance with Federal Rule of Civil Procedure 26, by November 12, 2021. The Parties will exchange any expert reports offered in rebuttal, in compliance with Federal Rule of Civil Procedure 26, by December 17, 2021. The Parties will exchange any

       expert reports offered in rebuttal, in compliance with Federal Rule of Civil Procedure 26, by January 14, 2022. All expert depositions will be completed no later than February 4, 2022.

    d. The Parties intend to complete all discovery, excluding depositions, no later than January 14, 2022.

    e. Plaintiff will supply their pretrial order materials to Defendant no later than February 18, 2022.

    f. The Parties will submit their pre-trial order consistent with this Court's instructions no later than March 4, 2022.

    g. The final pre-trial conference pursuant to Federal Rule of Civil Procedure will occur on ___TBD___.  *LLS*

4.     The Parties will endeavor to avoid issuing discovery involving patient's personal health information. If this becomes necessary, the Parties may present this Court with a request for a protective order concerning the same.

5.     Counsels for the parties do not anticipate there will be disputes over discovery matters. The sole dispute for purposes of this scheduling order is that Defendants assert that they intend to seek documentary discovery for grounds, if any, that Plaintiff plan denied Defendants' lawful claims for medical services performed on Plaintiff plan's beneficiaries or participants, and Plaintiff Plan's grounds, if any, for alleging overpayment for Defendants' lawful medical services performed on Plaintiff plan's beneficiaries or participants. Plaintiff believes this statement is beyond the scope of the Court's April 1, 2021 Order for Conference Pursuant to Rule 16(b).

6.     Plaintiff anticipates having experts in the field of rehabilitative medicine and medical billing. Defendants anticipates experts in the field of rehabilitative medicine.

7.      The Parties anticipate that this matter will take four (4) days of trial before a jury.

This Scheduling Order shall be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

/s/ *Vernon E. Inge, Jr.*
WHITEFORD, TAYLOR & PRESTON L.L.P
Kenneth M. Lewis, Esq.
Vernon E. Inge, Jr., Esq.
David L. Amos, Esq. (Motion for *pro hac vice* to be submitted)
444 Madison Avenue, Fourth Floor
New York, NY 10022
(914) 761-8400
klewis@wtplaw.com
vinge@wtplaw.com
damos@wtplaw.com

*Attorneys for the Plaintiff*

/s/ Wei Ji
ALLIANCE LAW PLLC
Wei Ji, Esq
139 Centre Street, Suite 710
New York, NY 10013
(929) 312-8633
wji@alliancelaw.ne

*Attorney for the Defendants*

Louis L. Stanton
Hon. Louis L. Stanton
United States District Judge

April 30, 2021

4