ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALE MERRILL, ADMINISTRATOR OF THE
MASHANTUCKET PEQUOT TRIBAL NATION
HEALTH PLAN,

                          Plaintiff,

              - against –

JING DENG, M.D, and JING DENG MD
REHABILITATION P.C.,

                          Defendants.

20 Civ. 10689 (LLS)

OPINION & ORDER

    Defendants move to dismiss the action for plaintiff's
failure to prosecute. For the foregoing reasons, the motion is
denied.

## BACKGROUND

    Plaintiff is the administrator of the employee health plan
for the Mashantucket Pequot Tribal Nation. In 2020, the Plan
Administrator conducted an audit of the claims the plan paid and
found that Defendants submitted 173 improper charges. Defendants
are Jin Deng, M.D. ("Deng") and Jin Deng, MD Rehabilitation,
P.C.

    On December 18, 2020, plaintiff brought suit to recover
excess reimbursements and overpayment made to defendants. Dkt.
No. 1.  Defendants answered on March 31, 2021 and filed their
amended answer with counterclaims for unpaid medical services
provided to plaintiff's insured on June 28, 2021. Dkt. No. 14;
Dkt. No. 34.

On April 20, 2021, the Court entered a scheduling order, Dkt. No. 23., calling for: the completion of all discovery, excluding depositions, by January 14, 2022; the competition of depositions by February 4, 2022; Plaintiff to submit pre-trial order materials to defendants by February 18, 2022; and the submission of the joint Pre-Trial Order to the Court by March 4, 2022. Id. at 2-3.

On January 13, 2022, plaintiff alleges he served discovery requests on defendants. Dkt. No. 47 at 2; Dkt. No. 46 Ex. 1 (Discovery Requests). Defendants deny ever receiving the request.

The next day, January 14, 2022, plaintiff informed the court that "some discovery remained outstanding" and moved to extend all the scheduling deadlines by 120 days. Dkt. No. 35. The motion was opposed by defendants, Dkt. No. 37., and denied by the Court due to its lack of grounds, Dkt. No. 38.

That same day plaintiff allegedly served deposition notices on defendants scheduling their depositions for February 2nd and 3rd, 2022, in advance of the February 4, 2022 deposition deadline. Dkt. No. 47 at 3; Dkt. No. 46 Ex. 2 (Deposition Notices); Dkt. No. 39. On February 8, 2022, plaintiff informed the Court that although neither defendant appeared for their deposition, defendants' counsel had advised that a response would be forthcoming on Monday, February 14, 2022. Dkt. No. 39.

To the Court's knowledge, no response was ever given. Defendants deny receiving any notices of depositions.

On February 19, 2022, the day after the deadline, plaintiff allegedly emailed Proposed Findings of Fact to defendants in advance of the March 4, 2022 deadline to jointly file their Pretrial Order in accordance with the Scheduling Order. Defendants again deny receiving the Proposed Findings of Facts. No Pre-Trial Order was ever filed.

Around April 1, 2022, plaintiff's main counsel departed from the firm representing him. Dkt. No. 47 at 3. Thereafter, plaintiff's remaining counsel allegedly reached out to defendants' counsel twenty-one times in an effort to discuss the outstanding discovery related matters and potential settlement. Id. at 3-4. Plaintiff alleges his counsel connected by phone with defendants' on two occasions—April 21, 2022 and May 27, 2022. Id. Defendants deny that these contacts or contact attempts occurred and say that the only contact with plaintiff's new counsel was on June 20, 2022. Dkt. No. 50 at 1-2.

On that date, June 20, 2022, plaintiff's counsel contacted defendants' counsel requesting a scheduling extension for all matters. Dkt. No. 43 at 3. Defendants did not consent and instead, on August 1, 2022 moved for dismissal for lack of prosecution. Dkt. No. 42.

**DISCUSSION**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court is authorized to dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41. In determining whether a plaintiff is derelict in his duty to prosecute, a court weighs five factors: "1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is dispositive and "the district court is not required to discuss the factors on the record." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999)

1) Duration

In applying the duration factor, the Court asks "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

The parties disagree over who bears the burden of blame for the failure to conduct discovery. Plaintiff concedes that he has

missed discovery deadlines but insists that he served written discovery requests on defendants, noticed depositions for February 2022, and emailed Proposed Findings of Fact to defendants' counsel. Dkt. No. 47 at 1, 6-7. Defendants deny ever receiving any notice or legal service of any of the requests for discoveries, requests for depositions, or proposed findings of facts and maintain that plaintiff has done nothing to prepare the claims for trial. Dkt. No. 50 at 8.

Under Federal Rule of Civil Procedure Rules 30 and 33, there is no requirement that deposition notices or interrogatories be served with legal notice. See Fed. R. Civ. P. 30 ("[M]ust give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."); Fed. R. Civ. P. 33 "a party may serve on any other party"). Plaintiff emailed his first set of interrogatories, deposition notices, and proposed findings of facts to defendants' counsel. Dkt. No. 46 Ex. 1-3.

But, plaintiff's attempts to comply with the Scheduling Order do not mean that he bears no responsibility for the failure of this case to progress. It is unclear whether defendants ever received plaintiff's discovery requests. Defendants deny having done so, which is supported by the fact that defendants' counsel never responded to any of plaintiff's emails and plaintiff's counsel's admission that the emails had

issues being delivered. Dkt. No. 46 Ex. 3 ("I noticed this morning that my email failed to deliver yesterday."). While the Court passes no judgment on whether defendants' counsel received all of the correspondence, at a minimum defendants' counsel was aware that plaintiff was trying to schedule depositions because of plaintiff filed such a letter on the docket. See Dkt. No. 39.

Even if the discovery requests were properly made, plaintiff's attempts were not meaningfully intended to unearth the facts of this case. Plaintiff's first and only set of interrogatories was sent the day before the discovery deadline, almost nine months after the entry of the scheduling order, he attempted to schedule his depositions the day of the deposition deadline, and he sent his proposed finding of facts the day after the deadline expired. None of these measures were made with adequate time for defendants to respond.

The fact remains that for fourteen months, from the date of entry of the scheduling order to the filing of this motion for want for prosecution, no discovery was produced by either party. Because a "plaintiff has a duty to advance his case diligently" and the plaintiff here did not meaningfully do so, this factor narrowly weighs in favor of dismissal of the claims. Moreno v. Jeung, 309 F.R.D. 188, 190 (S.D.N.Y. 2015)

Nonetheless, the other factors weigh against finding that dismissal of the claims is the appropriate remedy.

2) Notice

Plaintiff was not on notice that failure to comply would result in dismissal. The first mention of a potential dismissal of the case for lack of prosecution was made by defendants on July 6, 2022 when they sought Court leave to file the motion. Leave was granted on July 11, 2022 but the Court did not provide clear guidelines on how plaintiff could avoid dismissal. Once defendants filed their Motion to Dismiss on August 1, 2022, plaintiff promptly opposed the motion and sought to have discovery deadlines reinstated. See Baptiste v. Sommers, 768 F.3d 212, 218 (2d Cir. 2014) (finding no notice was given to plaintiff when the "district court's orders did not provide clear guidance on how Baptiste could avoid dismissal").

Defendants further contend that plaintiff should have been on notice that defendants would move to dismiss as early as January 14, 2022 when the Court denied plaintiff's request for a discovery extension. But defendants' conclusion that the Court's extension denial would inevitably lead to their filing of a motion to dismiss is not sound. When the extension was denied, the deadline for depositions and for the exchange of pre-trial materials had not yet passed. Thus, it was not clear then that the case would not progress.

3) Prejudice

- 7 -

Defendants will not be substantially prejudiced by further delay. Defendants argue that they are presumptively prejudiced because the delay was unreasonable and caused them to think plaintiff intended to abandon the claims. But they do not point to any concrete way that they have suffered prejudice, such as identifying specific pieces of evidence that they have reason to believe have disappeared. See Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986) (finding no prejudice as a result of pro se plaintiff's inaction where there was "no indication that evidence [wa]s likely to be lost, or that discovery ha[d] been made more difficult").

Defendants also did not serve any discovery requests in the pursuit of its counterclaims. Accordingly, plaintiff is as prejudiced by the delay as defendants are. Neither party has expended great resources in advancing this case thus far and an extension in the scheduling deadlines could be availed by both sides.

4) Fair Chance to be Heard

Plaintiff's fair chance to be heard is not outweighed by the Court's interest in managing its docket. The Court has not scheduled a pretrial conference or trial date for the case. Plaintiff has twice conferred with defendants regarding discovery extensions, indicating that they have not entirely abandoned the case. Although plaintiff has missed the deadlines

- 8 -

in the scheduling order, "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). As the Second Circuit has explained, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

5) Other Sanctions

The Court has not considered imposing alternative sanctions. "[D]ismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 575-76 (2d Cir. 2009). Those circumstances are not apparent here, especially when lesser sanctions are available and will likely effectuate the same purpose of advancing the case forward. For example, the Court could deem the assertions in defendants' pre-trial Rule 56.1 statement admitted by plaintiff and then rule on the merits of defendants' summary judgment motion without further delay. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

**CONCLUSION**

Defendants' Motion to Dismiss for want of prosecution is denied.

The parties shall appear for a status conference on January 27, 2023 at 3:00pm to set an amended scheduling order. A draft order should be submitted to the Court two weeks before.

So Ordered.

Dated:   New York, New York
         December 21, 2022

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.