ORIGINAL

WHITEFORD, TAYLOR & PRESTON, L.L.P.
444 Madison Avenue, 4th Floor
New York, New York 10022
(914) 761-8400
KLewis@wtplaw.com
Kenneth M. Lewis

WHITEFORD, TAYLOR & PRESTON L.L.P.
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
(804) 977-3300
VInge@wtplaw.com
Vernon E. Inge, Jr.

WHITEFORD TAYLOR & PRESTON L.L.P.
7 St. Paul Street, Suite 1500
Baltimore, MD 21202
(410) 347-8700
DShaffer@wtplaw.com
Dennis J. Shaffer (*pro hac vice* admission granted)

*Attorneys for Dale Merrill, Administrator of
the Mashantucket Pequot Tribal National Health Plan*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE MERILL, ADMINISTRATOR OF THE MASHANTUCKET PEQUOT TRIBAL NATIONAL HEALTH PLAN,<br><br>                                    Plaintiff,<br><br>— against —<br><br>JIN DENG M.D. and JIN DENG MD REHABILITATION, P.C.,<br><br>                                    Defendants. | Civil Acton No.: 1:20-cv-10689 |

## CONSENT PROTECTIVE ORDER WITH REGARD TO CONFIDENTIALITY

The parties in the above-captioned matter (the "Parties") having requested through discovery from each other certain documents which contain proprietary and/or confidential information, trade secrets or commercially or competitively sensitive nonpublic information, and information that may be covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as regulated by 45 CFR Part 164, and the Parties having agreed that any such document produced in response thereto shall be treated as confidential, and the Court having found that the court-ordered protection of such confidential information will expedite the flow of discovery material, adequately protect material entitled to be kept confidential and ensure that protection is afforded to material so entitled, it is hereby ORDERED AND ADJUDGED as follows:

### Confidential Information and/or Documents

1. This Consent Protective Order with Regard to Confidentiality ("Protective Order") shall apply to all documents, materials, and information produced by the parties, either voluntarily or in response to discovery, which are designated as "CONFIDENTIAL" by the Parties, including but not limited to information contained in or derived from documents, deposition testimony, deposition exhibits and/or trial testimony.

2. The Parties agree that due to the sensitive nature of the patient information involved, all Documents produced by a Party are by default CONFIDENTIAL, unless identified as NON-CONFIDENTIAL by the producing Party through a stamp or mark on the affected document. Any such stamping or marking shall take place prior to production, and the stamp or mark shall be affixed in such manner that the written matter is not obliterated or obscured.

3. If any Party in receipt of documents or information designated as CONFIDENTIAL

disagrees at any stage of these proceedings with the "CONFIDENTIAL" designation by the designating Party, the Parties should first try to resolve such dispute in good faith on an informal basis. A dispute as to confidentiality shall not be grounds for delay of or for a refusal to permit discovery. If the dispute cannot be resolved, the Party challenging the designation may seek a ruling by the Court on the propriety of the designation. All of the documents and information that are the subject of the dispute shall continue to be treated as CONFIDENTIAL unless and until the Court rules otherwise. The Parties agree that no presumption of confidentiality shall arise merely because of the existence of this Protective Order.

4.  In the event that any question is asked at a deposition which a Party or non-party asserts calls for CONFIDENTIAL information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Any Party or any non-party witness may, either on the record at the deposition or by written notice to and served upon counsel for all Parties no later than thirty (30) days after receipt of the deposition transcript, designate portions of oral testimony as CONFIDENTIAL if such Party or non-party witness reasonably and in good faith judgment believes such testimony is confidential. The inadvertent or unintentional disclosure by a producing person of documents considered by that person to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated CONFIDENTIAL as soon as reasonably practicable after the producing person becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL by all receiving persons.

### Non-Disclosure of Confidential Information and/or Documents

5.  Any information or document produced as referenced in Paragraph 1 designated as "CONFIDENTIAL" shall be subject to protection hereunder and pursuant to applicable law. Except with the prior written consent of the disclosing Party or it's representative counsel, or as hereinafter provided under this Protective Order, no information or document designated as CONFIDENTIAL may be disclosed to any person, except in the manner provided herein.

### Permissible Disclosures

6.  It is agreed that CONFIDENTIAL information or documents may be disclosed (1) to counsel and employees and staff thereof for a Party to this action, including in-house counsel, (2) to the Parties, but only to the extent reasonably necessary for counsel to render professional services in this litigation, (3) to the Court and officials of the Court involved in this litigation, including court reporters and any special masters appointed by the Court, but ~~under seal, to~~ be [in accordance with Judge Stanton's Individual Practices, #3 for Electronic Filing Under Seal.] ~~opened by appropriate Court Order~~, and (4) the trier of fact. Such information or documents may also be disclosed to: [LLS]

(a) persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary in preparing to testify in this litigation or testifying in this litigation and only after having reviewed this Protective Order in advance of disclosure and having agreed in writing to be bound by its terms, and

(b) outside consultants or experts retained for the purpose of assisting counsel in this litigation, but only to the extent reasonably necessary to perform services in connection with this litigation and only after having reviewed this Protective Order in advance of disclosure and having agreed in writing to be bound by its terms.

7. Each person given access to CONFIDENTIAL information or documents shall be advised that the information is being disclosed pursuant to this Protective Order and may not be disclosed other than pursuant to the terms set forth herein. The recipient of any CONFIDENTIAL information or documents provided pursuant to this Order shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

### Use of Confidential Information

8. Persons obtaining access to CONFIDENTIAL information or documents may use the information or documents solely for pre-trial motions, hearings, proceedings, and the preparation and trial of this lawsuit (including pre-trial and post-trial motions, appeals and re-trials) but may not use such information for any other purpose or in any other lawsuit or proceeding.

9. If any document referred to in Paragraph 1 above, any part of such document, or the contents of any document are sought to be introduced into evidence, the affected Party may seek such Orders of the Court to protect the confidential nature of the document(s).

10. The Parties and their counsel agree that if any pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and any other documents that include, attach, paraphrase, summarize or otherwise contain any CONFIDENTIAL INFORMATION are to be filed with the Court, the filing Party will submit any such documents ~~containing CONFIDENTIAL~~ in accordance with Judge Stanton's rules referred to in Paragraph 6 above. ~~INFORMATION to the assigned judge in an envelope that is marked "CONTAINS CONFIDENTIAL INFORMATION: FOR IN CAMERA REVIEW." A copy of the envelope marked "CONTAINS CONFIDENTIAL INFORMATION: FOR IN CAMERA REVIEW" shall be attached as an exhibit~~ LLS

to the pleading, motion, memorandum or brief, but the documents containing CONFIDENTIAL INFORMATION shall *not* be filed with the Court.

11. All such documents, materials and information produced by the Parties to counsel, pursuant to Paragraph 1 above, shall be used only in the course of the above-captioned proceedings and shall not be used or provided for use in any other litigation or proceedings and specifically shall not be disclosed to other plaintiffs or defendants in other litigation against the Parties.

12. The documents and materials produced by the Parties to counsel, pursuant to Paragraph 1 above, shall not be published orally, by copy, or by any other means to any person or entity other than as specified in this Order.

## Inadvertent Production of Protected Material

13. The Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of responsive documents, some materials protected by the attorney-client privilege, the attorney work-product privilege, the common interest or joint defensive privilege or any other applicable privilege, protection or immunity afforded by the Rules of the Supreme Court of Virginia (the "Protected Material") may be inadvertently disclosed to another Party during the course of this litigation. To the fullest extent possible under applicable law, the inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any applicable privilege, protection or immunity for that document or other subject matter of the inadvertently disclosed document if the producing Party, upon becoming aware of the disclosure, promptly requests its returns and takes reasonable precautions to avoid such inadvertent disclosure.

### Return of Confidential Information and Documents

14. Upon the conclusion of this action, all counsel shall return to counsel for the producing Party the original and all copies made of such documents and materials described in Paragraph 1 above.

15. After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and their counsel and all others persons to whom documents designated as "CONFIDENTIAL" or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other Order of the Court regarding said information. The Court will have continuing jurisdiction to *enforce* this Order irrespective of the manner in which this action is terminated.

### Responsibility of Counsel

16. The Parties' counsel of record is responsible for employing reasonable measures, consistent with this Protective Order, to control the disclosure of, duplication of, access to, and distribution of CONFIDENTIAL information and documents in said counsel's possession.

IT IS SO ORDERED, this 11th day of ~~2023,~~ August, 2023.

Louis L. Stanton
U.S.D.J.